# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MARTIN G. ALVAREZ,** | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **Case No. 12-CV-2113 JTM/JPO** |
| | ) |
| **ASSOCIATED WHOLESALE GROCERS, INC. and TEAMSTERS LOCAL 955,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## STIPULATED PROTECTIVE ORDER

The parties, having stipulated to the entry of a protective order for certain documents, and the Court, having made an independent determination that good cause exists for a protective order for certain documents, HEREBY GRANTS THE PARTIES' JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER (doc.10) and ORDERS:

1.      *Facts Establishing Good Cause*.    Plaintiff Martin G. Alvarez ("Alvarez" or "Plaintiff") is a former employee of Defendant Associated Wholesale Grocers, Inc. ("AWG") and was a member of Teamsters Local 995 ("the Teamsters Union"). In his lawsuit, Plaintiff claims that he was discriminated against on the basis of his age and that he was subject to harassment and retaliation.  AWG and the Teamsters Union deny Plaintiff's allegations and contend that they acted in compliance with all applicable laws.  Due to the nature of Alvarez's allegations, it is anticipated that confidential tax, medical and personnel information about Alvarez, and personnel information of non-party current and former AWG employees, may be produced by the parties during the course of litigation.  The parties recognize that the public disclosure of such confidential information may cause injury to Plaintiff, AWG and/or current or former AWG employees not parties to this litigation.  Further, the parties recognize that certain documents

submitted to and generated by administrative agencies, such as the EEOC, may be confidential. This Order protects the parties and prohibits the public release of confidential tax, personnel and medical information of Alvarez, confidential information from administrative agencies and personnel information of non-parties, while allowing the parties access to information each seeks to discover and minimizing any potential harmful effects on either the parties or non-parties. The Court finds that the parties properly seek to protect such confidential and proprietary information as well as to protect all parties and non-parties from any annoyance or embarrassment that unrestricted disclosure may potentially cause.

2.      *Document Defined*.  When used in this Stipulated Protective Order, "Document" means those documents related to Alvarez's tax and medical records, administrative records and any and all personnel information regarding AWG's current or former employees that either party makes available pursuant to Fed. R. Civ. P. 26, or in response to Requests for Production or Interrogatories, or any other discovery response.

3.      *Designation of Documents*.  Any party to this Stipulated Protective Order may designate as "Confidential" any document, or portion thereof, which it produces and which that party's counsel has determined in good faith is entitled to protection because it contains confidential information as defined in this Order.  Each document, or portion of a document, designated as "Confidential" (hereinafter "Designated Document") shall be marked accordingly and shall be subject to restrictions as provided in this Stipulated Protective Order; provided, however, that any and all portions of all tax, personnel and medical information relating to AWG's current or former employees (including Plaintiff) shall automatically be deemed to contain confidential information and will be designated and treated as "Confidential" without

any marking or other individual designation as such.  Where only a portion of a Designated Document can fairly be designated "Confidential," only such portion shall be so designated.

4.      *Method of Marking*.  Unless otherwise provided in this Stipulated Protective Order, documents subject to this Stipulated Protective Order shall be designated as "Confidential" by clearly stamping or otherwise marking the word "Confidential" on all pages (unless such a mark would impair the legibility of the document, in which case the stamp or mark should appear on the first available page where legibility would not be impaired).  If only a portion of the document is designated, the page(s) containing the designated portions shall be identified on the first page of the document (unless such a mark would impair the legibility of the document in which case the stamp or mark should appear on the first available page where legibility would not be impaired).

5.      *Objections to Designation*.  Whenever any party marks a document as "Confidential," the other party shall have twenty (20) days after receiving the documents marked "Confidential" to send a written objection to the other party.  If the parties are unable to reach agreement after personal consultation, the objecting party may, after complying with the Local Rules of this Court, present a motion to the Court to strike or modify the treatment of the document as "Confidential."  The document shall continue to have the benefit of the designated status until further order of the Court.

6.      *Confidential Documents*.  Except with the prior written consent of the designating party or the prior order of this Court, documents designated as "Confidential" and the information contained therein shall be used in connection with this litigation only and shall not be disclosed to any person other than:

a.      The parties to this litigation, including their agents, employees, and representatives, and their counsel of record;

     b.      Employees of the counsel of record who are assigned to assist such counsel in connection with this litigation;

     c.      Third-party experts, consultants, or counsel retained specifically in connection with this litigation, provided that any such person is given a copy of this Stipulated Protective Order and agrees to be bound by its provisions;

     d.      Any person who testifies at deposition or at trial (or is reasonably expected to testify) in this proceeding, provided that such person is given notice of the terms of this Stipulated Protective Order and that all testimony taken concerning Designated        Documents or information contained therein be marked "Confidential;"

     e.      Any court reporters and/or videographers present in their official capacity at any hearing, deposition or other proceeding in this action; and

     f.      Court personnel or members of the jury.

7.     *Use of Designated Documents for Motions*.  In the event a party wishes to deposit or file any document designated as "Confidential" with the Clerk of this Court, it shall first file a motion with the Court seeking leave to file the particular document under seal.  Should the Court grant the motion, the party seeking to file the document under seal must follow the procedures set forth in D. Kan. Rule 5.4.6.

8.     *Disclosure of Designated Documents*.  No party receiving a Designated Document shall disclose it or its contents to any person other than those described in paragraph 6, and in no event shall such party make any use of such Designated Document other than for the purpose of this litigation.

9.     *Acknowledgment*.  A person given access to Confidential material under the terms of Paragraphs 6(c) or (d) of this Order shall not be granted access thereto until such person has agreed to be bound by the terms of this Stipulated Protective Order and has signed an acknowledgment in the form attached hereto as "Exhibit A." Executed copies of "Exhibit A" shall be maintained by counsel for the party disclosing the Confidential material to the persons

permitted in Paragraphs 6(c)-(d) of this Order.  At any reasonable time, any party may request in writing that all copies of Exhibit A which have been signed by persons pursuant to this paragraph be provided to that party.  Such copies shall be provided within ten (10) calendar days after receipt of the written request.

10.     *Inadvertent Disclosure*.   In the event of an inadvertent disclosure of a party's Confidential information, the party making the inadvertent disclosure shall, upon learning of the disclosure: (i) promptly notify the person to whom the disclosure was made that it contains Confidential information subject to this Stipulated Protective Order; and (ii) promptly make all reasonable efforts to obtain the return of, and preclude dissemination or use of, the Confidential information by the person to whom disclosure was inadvertently made.

11.     *Objections and Rights Reserved*. This Stipulated Protective Order shall not prejudice the rights of, or prevent, any party from:

a.      Objecting on any valid ground to the production of any document;

b.      Objecting to the offer or introduction of any document into evidence on any valid ground at the time such document is offered;

c.      Redacting Confidential information from any document;

d.      Seeking other protection from the Court concerning any document.

12.     *Use at Hearing or Trial*.   The parties will not be prevented from using any Designated Document or information designated as "Confidential" in examining a witness at any hearing or trial or in publishing such Designated Document or information to the jury.  The use at any hearing or at trial of any Designated Document or information designated as "Confidential" as evidence shall be governed by the Federal Rules of Evidence.

13.    *Modification*.   Any party to this Stipulated Protective Order may apply to the Court, on reasonable notice to all parties, for relief or modification of any provision of this Order.

14.    *Return of Documents*.   Within thirty (30) days of the conclusion of this litigation by settlement, final judgment, or final order, including all appeals, all Designated Documents, and all copies (except exhibits filed of record) shall be returned by counsel to the party who had previously produced the Designated Documents upon such party's written request, unless the parties agree to a method for the destruction of the Designated Documents.

**IT IS THEREFORE ORDERED** that the parties' Joint Motion for Entry of Protective Order (Doc. 10) is granted.

**IT IS SO ORDERED**.

Dated September 17, 2012.


 s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

Submitted by:

*/s/ David R. Hills*
David R. Hills, KS # 6551
Law Offices of David R. Hills
15700 College Boulevard
Suite 200
Lenexa, KS  6219 – 1473
(913) 888- 8844
(913) 327 – 8492 (Fax)
HillslawD@netscape.net
Attorney for Plaintiff

*/s/ James C. Sullivan*
James C. Sullivan, KS FED #70453
Polsinelli Shurgart PC
Twelve Wyandott Plaza
120 W. 12th Street
Kansas City, MO 65105 – 1929
(816) 421-3355
(816) 374 – 0509 (fax)
jsullivan@polsinelli.com
Attorney for Defendant Associated Wholesale Grocers, Inc.

*/s/ Jason R. McClitis*
Jason R. McClitis, Attorney at Law, USDC KS #78355
Blake & Uhlig, P.A.
475 New Brotherhood Building
735 State Avenue
Kansas City, KS 66101
(913) 321 – 8884
(913) 321 – 2396 (fax)
 jrm@blake-uhlig.com
Attorney for Teamsters Local 955

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MARTIN G. ALVAREZ,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) **Case No. 12-CV-2113 JTM/JPO** |
| **ASSOCIATED WHOLESALE GROCERS,** | ) |
| **INC. and TEAMSTERS LOCAL 955,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## ACKNOWLEDGMENT

The undersigned acknowledges that (s)he has read the Stipulated Protective Order

entered in this action by the United States District Court of Kansas, on _____, 2012,

that (s)he understands its terms, and that (s)he agrees to be bound by the terms of that Order.

Dated: _____

_____
Signature

_____
Printed Name

12-2113-JTM-PO.doc